# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff / Respondent

vs.
                                    Civ.No. 98-206 JP/WWD
                                    Crim. No. 90-349 JP

EFREN VALDEZ BROCAMONTE,

       Defendant / Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.  THIS MATTER comes before the Court following an evidentiary hearing held before me on September 17,1998.  Defendant, who is incarcerated, testified at the hearing pursuant to writ, and was represented by court-appointed counsel.  In his petition pursuant to 28 U.S.C. § 2255, Brocamonte alleges that he was denied his constitutional right to assistance of counsel when his trial attorney failed to file a timely notice of appeal.

2.  Defendant was charged with conspiracy to distribute more than 100 kilograms of marijuana.  He fled on the second day of his trial, but was convicted *in absentia* on April 18, 1991.  More than four years later, he turned himself in to law enforcement authorities.  Serapio Jaramillo represented Defendant at the time of his sentencing hearing, and was the third attorney appointed by the Court at Defendant's request.  Brocamonte was sentenced on March 22, 1996 by the Hon. James A. Parker, United States District Judge for the District of New Mexico. Judgment was entered on April 5, 1996.

**Recommended Findings of Fact**

3.   At the sentencing hearing, Judge Parker requested that Mr. Jaramillo continue as Defendant's attorney at least through the filing of a Notice of Appeal. Tr. of Mar. 22, 1996 Sentencing Proceedings at 56-58. At the sentencing hearing, Mr. Jaramillo had stated that he would discuss the matter of appeal with Defendant. Id.

4.   After sentencing, Brocamonte was taken to the Torrance County Detention Center until April 9, 1996, when he was transferred to the Dona Ana County Detention Center in Las Cruces, New Mexico. Tr. at 6.[1]

5.   Mr. Jaramillo met with Defendant on May 13, 1996 in the Dona Ana County Detention Center in Las Cruces. Tr. at 38. Counsel had also planned to meet with another client in Las Cruces during the same trip. Counsel's notes of that meeting reflect that the purpose of the visit with Brocamonte was to discuss the advantages and disadvantages of an appeal. Gov't Ex. 1. This meeting to discuss Brocamonte's right to appeal took place thirty-eight (38) days after entry of Judgment, or twenty-eight (28) days after Mr. Brocamonte's right to file an appeal had expired.

6.   Evidence is insufficient to establish that a prior meeting to discuss Defendant's appeal took place. See Tr. at 39, 41.

7.   Defendant filed a *pro se* notice of appeal on May 1, 1997, about a year after the Judgment was entered. The Tenth Circuit dismissed the appeal for lack of jurisdiction

---

[1]  "Tr." refers to portions of the September 17, 1998 evidentiary hearing, unless otherwise indicated.

stemming from failure to file a timely notice of appeal but mentioned that Defendant could take up

the matter in a § 2255, a suggestion which Defendant has followed.[2]

**Recommended Conclusions of Law**

8.  A Defendant's right to effective assistance of counsel applies not just at trial but also

on direct appeal.  Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir. 1995).  In general, counsel's

failure to timely file a notice of appeal from a criminal conviction constitutes *per se* ineffective

assistance of counsel.  See United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991).

9.  To establish that counsel rendered ineffective assistance in contravention of the Sixth

Amendment, a defendant must show that: (1) his counsel's performance was constitutionally

deficient, and (2) he was prejudiced by such deficient performance.  Strickland v. Washington,

466 U.S. 668, 687; United States v. Cook, 45 F.3d 388 (10th Cir. 1995).

10.  However, prejudice within the meaning of Strickland is presumed if it is established

that defense counsel's failure to file a notice of appeal was without defendant's consent.  Romero

at 1030; United States v. Stearns, 68 F.3d 328, 329 (9th Cir. 1995). However, this presumption

does not apply where the Defendant chooses not to appeal.  See United States v. Foster, 68 F.3d

86, 88 (4th Cir. 1995).

11.  In this case, Brocamonte never waived his right to appeal.  The record establishes

that Brocamonte instructed his counsel to perfect an appeal and counsel did not do so.  Thus,

---

[2]  Brocamonte also filed a *pro se* Motion for Appointment of Counsel in which he claimed that Mr. Jaramillo was incompetent because he had failed to file a Notice of Appeal after being requested to do so. [See docket #369, Crim. No. 90-349]. Mr. Jaramillo's response to the Tenth Circuit was that Defendant did not want to pursue appeal. See Exh. to Gov't Resp. at 4, ¶ 15.

Defendant has shown that counsel's representation was constitutionally deficient, and he is presumed to be prejudiced by counsel's performance.

12.  Resentencing under § 2255 is the "proper remedy for a criminal defendant who has had ineffective assistance of counsel in failing to perfect an appeal." U.S. v. Moore, 83 F.3d 1231, 1232 (10th Cir. 1996); U.S. v. Davis, 929 F.2d 554, 557 (10th Cir. 1991).  Accordingly, Brocamonte's § 2255 petition should be granted and his underlying criminal case should be remanded to the district court for resentencing under § 2255.

### Recommendation

I recommend that relief be granted on Defendant /Movant's Petition pursuant to 28 U.S.C. § 2255.  Defendant should be resentenced in order to allow Defendant to perfect an appeal.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE